# Exhibit A

20STCV48132
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Edward Moreton

Electronically FILED by Superior Court of California, County of Los Angeles on 12/16/2020 06:44 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

PANISH SHEA & BOYLE LLP
BRIAN J. PANISH, State Bar No. 116060
  panish@psblaw.com
KEVIN R. BOYLE, State Bar No. 192718
  boyle@psblaw.com
SPENCER R. LUCAS, State Bar No. 232498
  lucas@psblaw.com
MATTHEW STUMPF, State Bar No. 301867
  stumpf@psblaw.com
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: 310.477.1700
Facsimile: 310.477.1699

Attorneys for PLAINTIFFS

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| MATTHEW MAUSER, an individual and as Successor in Interest to CHRISTINA MAUSER; PENELOPE MAUSER, a minor, by and through her Guardian MATTHEW MAUSER; THOMAS MAUSER, a minor, by and through his Guardian MATTHEW MAUSER; IVY MAUSER, a minor, by and through her Guardian MATTHEW MAUSER,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity, ALEX VILLANUEVA, as Sheriff of the County of Los Angeles and as an individual; LOS ANGELES COUNTY FIRE DEPARTMENT, a public entity; and DOES 1-100, Inclusive<br><br>Defendants. | Case No. 20STCV48132<br><br>**COMPLAINT FOR:**<br><br>**1. VIOLATION OF FOURTEENTH AMENDMENT**<br>   **(42 U.S.C. § 1983)**<br><br>**2. VIOLATION OF FOURTEENTH AMENDMENT**<br>   **(42 U.S.C. § 1983 –** *Monell***)**<br><br>**3. NEGLIGENCE**<br>   **(Gov. Code §§ 815.2, 820 et seq.)**<br><br>**4. INVASION OF PRIVACY**<br><br>**5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiffs MATTHEW MAUSER, individually and as Successor in Interest to CHRISTINA MAUSER, PENELOPE MAUSER, a minor, by and through her Guardian ad Litem MATTHEW MAUSER, THOMAS MAUSER, a minor, by and through his Guardian ad

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Litem MATTHEW MAUSER, and IVY MAUSER, a minor, by and through her Guardian ad Litem MATTHEW MAUSER (together "Mauser Plaintiffs") for causes of actions against Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, ALEX VILLANUEVA, as an individual and as Sheriff of the County of Los Angles; LOS ANGELES FIRE DEPARTMENT, a public entity; and DOES 1-100, Inclusive, and each of them, complain and allege as follows:

## GENERAL ALLEGATIONS

1. The claims set forth herein arise from the January 26, 2020 fatal helicopter crash in the foothills of the Santa Monica mountains in Calabasas, California, wherein unauthorized photographs of human remains were taken, shared and disseminated by Los Angeles County Sheriff's Department deputies for personal, non-law-enforcement purposes.

2. The crash took the lives of nine persons, including Plaintiffs' mother and wife, Christina Mauser, as well as passengers Alyssa Altobelli, John Altobelli, and Keri Altobelli, Sarah Chester, Payton Chester, Kobe Bryant and Gianna Bryant. The decedent Christina Mauser at the time of her death on January 26, 2020, was the mother and wife of Plaintiffs Matthew Mauser, Thomas Mauser, Penelope Mauser and Ivy Mauser.

3. Christina Mauser was among nine people who planned to fly by helicopter from their home in Orange County to a basketball tournament in Thousand Oaks. During their flight, the helicopter was surrounded by a dense fog which caused the pilot to lose control. The helicopter crashed into the foothills of the Santa Monica mountains, killing all eight passengers and the pilot.

4. The remains and personal effects of the deceased were scattered across a wilderness area located northeast of Las Virgenes Road and Willow Glen Street in Calabasas, California. The crash occurred within the territorial jurisdiction of Los Angeles County, giving the Los Angeles County Sheriff Department both the authority and the duty to secure the accident scene. Preservation of that security was essential to protect the dignity of those who had perished and limit the mental and emotional suffering of loved ones they had left behind. The Los Angeles County Sheriff, Alex Villanueva, even reassured the loved ones of those who had perished that every possible measure would be taken to preserve and protect the scene of the crash. Defendant

Los Angeles County Fire Department had both the authority and duty to suppress and eliminate the risks of fire and explosion created by the crash.

5. Sheriff Villanueva knew, or should have known, that securing the crash scene would require the utmost care and supervision for three reasons: (1) the tragedy had generated an immediate, widespread media response; (2) the mutilated bodies of the victims were scattered across the site of the crash; (3) law enforcement personnel often take unauthorized pictures of accident victims. Sheriff Villanueva knew that this was an issue in his department, admitting that this conduct "has been a problem in law enforcement across the nation." These facts show that Sheriff Villanueva had a special duty to ensure that the scene of the crash was given the highest caliber security his department could employ.

6. Not only did the deputies take these abhorrent and inappropriate pictures at the scene of the accident, but they were also shown and publicized within weeks of the tragedy. Sheriff Villanueva has admitted that his deputies' conduct was "wildly inappropriate" and "disgusting." However, that conduct was created and enabled by the Sheriff Villanueva's own failure to train and supervise his deputies adequately.

7. The Mauser Plaintiffs are informed and believe that various members of the Los Angeles County Fire Department also photographed the remains of Christina Mauser at the scene of the crash. Further, these same firefighters shared, distributed and showed the photographs of the decedents in circumstances that were unrelated to any investigation of the crash.

8. In response to the Sheriff Department and Los Angeles Fire Department's unconscionable behavior at the scene of the accident, the California State Assembly is weighing legislation that would make the deputies' misconduct a crime. (Patrick McGreevy, *Photos taken at Kobe Bryant crash site should be against the law, California lawmaker says*, LA Times (May 5, 2020), *available at* https://www.latimes.com/california/story/2020-05-05/photos-kobe-bryant-crash-site-california-legislature.) The assembly man who introduced the bill explained, "[o]ur first responders, when responding to an emergency, should not be taking very sensitive photographs…for their own pleasure." (*Id.*)

9. Sheriff Villanueva has acknowledged that the possible public display of a

3
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

photograph depicting the remains of a loved one "harms people [who] suffered a tragedy already." As if the tragically premature loss of their mother and wife was not enough, Matthew Mauser, Thomas Mauser, Penelope Mauser and Ivy Mauser now suffer severe emotional distress, humiliation, and anxiety from the realization that photographs of their mother and wife were wrongfully taken, shown and discussed and possibly disseminated in the future through print media, broadcast media, and internet distribution.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over all causes of actions asserted in this complaint pursuant to the California Constitutional Article VI, section 10, California Code of Civil Procedure section 410.10, because no cause of action contained herein is given by statute to other trial courts and the amount in controversy exceeds $25,000.00

11. Venue in this Court is proper pursuant to California Code of Civil Procedure sections 393, 394, and 395, because Defendants in this action are public officers and public agencies situated in Los Angeles County and, on information and belief, all of the acts or omissions complained of in this Complaint took place in Los Angeles County.

## PARTIES

12. Plaintiff MATTHEW MAUSER is the surviving husband of Christina Mauser. Plaintiff MATTHEW MAUSER resides within the State of California.

13. Plaintiff THOMAS MAUSER is the surviving son of Christina Mauser. Plaintiff THOMAS MAUSER is a minor represented by and through his Guardian MATTHEW MAUSER, who is his natural father. Plaintiff THOMAS MAUSER resides within the State of California.

14. Plaintiff IVY MAUSER is the surviving daughter of Christina Mauser. Plaintiff IVY MAUSER is a minor represented by and through her Guardian MATTHEW MAUSER, who is her natural father. Plaintiff IVY MAUSER resides within the State of California.

15. Plaintiff PENELOPE MAUSER is the surviving daughter of Christina Mauser. Plaintiff PENELOPE MAUSER is a minor represented by and through her Guardian MATTHEW MAUSER, who is her natural father. Plaintiff PENELOPE MAUSER resides within the State of California.

16. Defendant the COUNTY OF LOS ANGELES (hereinafter "COUNTY") is, and at all times herein mentioned was, a government entity duly organized and existing under and by virtue of the laws of the State of California and authorized to do, and is doing, business in the State of California with its principal place of business in the County of Los Angeles, State of California.

17. Defendant LOS ANGLES COUNTY SHERIFF'S DEPARTMENT (hereinafter "SHERIFF'S DEPARTMENT.") is, and at all time herein mentioned was, a local government entity created under the laws of the State of California and department of Defendant COUNTY.

18. Defendant ALEX VILLANUEVA (hereinafter "SHERIFF VILLANUEVA" is an individual residing within the State of California and was, at all times relevant herein, the Sheriff of Los Angeles County. SHERIFF VILLANUEVA is sued in his individual capacity and as a representative of the COUNTY.

19. Defendant LOS ANGELES FIRE DEPARTMENT ("FIRE DEPARTMENT") is a local government entity organized and existing under the laws of the State of California and a department of defendant COUNTY. The FIRE DEPARTMENT provides fire suppressions and prevention services under contract with Calabasas, California.

20. Defendants COUNTY, SHERIFF'S DEPARTMENT and FIRE DEPARTMENT are "persons" subject to suit within the meaning of 42 U.S.C. § 1983. *See Monell v. New York Department of Social Services,* (1978) 436 U.S. 658, 691.

21. Pursuant to California Government Code § 815.2(a), Defendants SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY are liable for any and all wrongful acts in violation of state law hereinafter complained of and committed by their employees acting within the course and scope of their employment.

22. The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1 through 100 inclusive, are unknown to the plaintiffs who therefore sue said defendants by such fictitious names. The full extent of the facts linking such fictitiously sued defendants is unknown to plaintiffs. The plaintiffs are informed, believe and thereupon allege that each of the defendants designated herein as a DOE was and is negligent, or

1  in some other actionable manner, responsible for the events and happenings hereinafter referred to,
2  and thereby negligently, or in some other actionable manner, legally and proximately caused the
3  hereinafter described injuries and damages to the plaintiffs.

4      23.    The "DOE Defendants" include Sheriff's Department and Fire Department
5  personnel who (i) took or shared photos of the accident scene or the Mauser family remains of
6  Christina Mauser; or (ii) participated in the failure to take reasonable steps to prevent
7  dissemination of the photos that were in their constructive possession. PLAINTIFFS are informed
8  and believe, and on that basis allege, that DOES 1 through 100, inclusive, were employees or
9  agents of defendants SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY.
10  PLAINTIFFS will hereafter seek leave of Court to amend this complaint to show the defendants'
11  true names and capacities after the same have been ascertained.

12      24.    Pursuant to the provisions of *California Government Code* §§900, *et seq*. The
13  Mauser Plaintiffs filed written notices of claims against the County of Los Angeles, Sheriff's
14  Department, Defendant Villanueva, and unknown deputies on June 24, 2020. The Mauser
15  Plaintiffs filed written notices of claims against the Los Angeles Fire Department and unknown
16  Fire Department personnel on July 22, 2020. As of the date of this complaint, the Los Angeles
17  County Sheriff's Department and Los Angeles County Fire Department have not substantively
18  responded to the Mauser Plaintiffs' notices of claims, nor have they provided a definitive date by
19  which they shall respond. Pursuant to operation of law, the failure to respond to those claims
20  within the time set by the *California Government Code* constitutes a denial of those claims.

## FIRST CAUSE OF ACTION
## 42 U.S.C. § 1983, Violation of the Fourteenth Amendment
## (Against Defendants DOES 1 Through 100)

24      25.    PLAINTIFFS incorporate by reference as fully set forth herein each and every fact,
25  claim and allegation contained in the prior paragraphs.
26      26.    Under 42 U.S.C. § 1983, DOES 1 through 100, inclusive, and each of them,
27  (hereinafter "DOE Defendants") are liable for destroying PLAINTIFFS' constitutional right to
28  control the images of their deceased loved ones. *See Marsh v. City of San Diego*, 680 F. 3d 1148,

1154 (9th Cir. 2012).

27. The DOE Defendants were acting under color of state law when the photographs were taken, because they were "on duty," "in uniform," and working in the course and scope of their employment with either the SHERIFF'S DEPARTMENT, FIRE DEPARTMENT or the COUNTY while assigned to duty at the crash scene.

28. The DOE Defendants' act of sharing of the photographs also violated Mauser family's "right not to have government officials engage in unwarranted reproduction of…. death images of deceased relatives" under *Civil Code Section 129. Id.* at 1157.

29. The taking of photos of the Mauser family members remains and/or sharing such photos with the public, the DOE Defendants deprived, and continue to deprive, PLAINTIFFS of their right to control the physical remains and death images of their deceased parents and sibling.

30. The DOE Defendants knew or should have known that the taking and/or dissemination of photos of deceased Mauser family remains of Christina Mauser for personal purposes violated the law.

31. As a direct, legal and proximate result of the DOE Defendants' taking and/or sharing of death images of the deceased Mauser family member Christina Mauser, PLAINTIFFS have suffered, and continue to suffer, severe emotional distress, humiliation, and anxiety, the exact amount of such damages to be stated according to proof at the time of trial.

32. The DOE Defendants' conduct of taking and sharing of death images of Christina Mauser, was intentional, malicious, oppressive and despicable. The DOE Defendants intended to cause injury to PLAINTIFFS or acted with the knowledge of the probable harmful and dangerous consequences of their actions. Such conduct was undertaken purposefully, recklessly and in conscious and callous disregard of the rights of the PLAINTIFFS. Accordingly, PLAINTIFFS are entitled to punitive damages in an amount appropriate to punish the DOE Defendants and to make an example of them to the community.

**SECOND CAUSE OF ACTION**

**42 U.S.C. § 1983 Violation of the Fourteenth Amendment**

**(Against SHERIFF VILLANUEVA, SHERIFF'S DEPARTMENT, FIRE DEPARTMENT**

**and the COUNTY**

**Pursuant to *Monell v. New York City Dept. of Social Servs.*)**

33. PLAINTIFFS incorporate by reference as fully set forth herein each and every fact, claim and allegation contained in the prior paragraphs.

34. Public entities are liable for constitutional violations when the execution of their official policy or custom deprives an individual of their constitutional rights. Additionally, a public entity is liable for constitutional violations when the entity fails to establish policies and procedures or properly train, manage, direct, supervise and/or discipline their employees, resulting in violations of constitutional rights of persons who come into contact with the public entity employees. 42 U.S.C. § 1983; *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690-91 (1978)

35. PLAINTIFFS are informed and believe, and thereon allege that SHERIFF VILLANUEVA, SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY (hereinafter "DEFENDANTS") acted with conscious disregard to the constitutional rights of the PLAINTIFFS and others similarly situated through the following conduct and omissions:

   a. DEFENDANTS failed to adequately train and supervise the Sheriff's Department and Fire Department deputies and personnel entrusted with securing the helicopter crash scene;

   b. DEFENDANTS failed to train and adequately supervise the Sheriff's Department and Fire Department deputies and personnel to ensure they do not take or share photographs of deceased accident victims for non-law-enforcement personal purposes;

   c. DEFENDANTS failed to establish and/or enforce their own policies prohibiting unauthorized photography of accident victims;

   d. DEFENDANTS failed to establish and/or enforce policies and procedures for the treatment of deceased individuals, including the taking and sharing of photographs of deceased individuals;

   e. DEFENDANTS failed to properly investigate and discipline Sheriff's Department

8
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

and Fire Department deputies and personnel who took and/or shared photographs of deceased individuals.

36. Given the frequency with which personnel of both the SHERIFF'S DEPARTMENT and FIRE DEPARTMENT work at crime and accident scenes involving fatalities, it was foreseeable, if not predictable, that some would be tempted to take photos of victims' remains on their cell phones.

37. PLAINTIFFS are informed, believe and thereon allege that, the DEFENDANTS had actual and/or constructive notice that their failure to establish and/or enforce policies and procedures regarding photographs of deceased individuals and/or accident scenes would likely result in violation of constitutional rights, including the PLAINTIFFS' constitutional rights.

38. Plaintiffs are informed, believe and thereon allege that SHERIFF VILLANUEVA, the SHERIFF'S DEPARTMENT and FIRE DEPARTMENT knew that some personnel keep "death books" containing photos of victims' remains and that the deputies, officers and personnel taking pictures for non-law-enforcement purposes is a problem "across the nation." SHERIFF VILLANUEVA, the SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY were also aware that, on account of the large number of celebrities that live or work in the Los Angeles area, its personnel often work at accident and crime scenes that are the subject of intense public interest. Despite this knowledge and awareness, SHERIFF VILLANUEVA, the SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY failed to establish a policy regarding photographs of human remains or to train, supervise, investigate, or discipline Department personnel related to the taking and sharing of photos of human remains for personal, non-law-enforcement purposes.

39. The conduct of the Doe Defendants alleged herein highlights a pattern and practice and/or custom of the SHERIFF'S DEPARTMENT and FIRE DEPARTMENT, as evidenced by the fact that this egregious misconduct was not limited to a lone employee. Plaintiffs are informed, believe and thereon allege that no fewer than eight Sheriff Department deputies personnel took photos of the Mauser Family remains of Christina Mauser for personal purposes, including currently unidentified Fire Department personnel. SHERIFF VILLANUEVA has spent his entire

career in law enforcement with the Los Angeles County Sheriff's Department and has publicly stated that he has knowledge of the widespread problem of law enforcement officers taking unnecessary death images.

40. As a direct and proximate result of DEFENDANTS' failure to establish and/or enforce a policy pertaining to photographs of deceased individuals, including failure to adequately train, manage, direct, supervise, investigate or discipline their employees and personnel regarding the taking, sharing, and dissemination of photographs of deceased individuals for personal, non-law-enforcement purposes, PLAINTIFFS have suffered, and continue to suffer, severe emotional distress, humiliation, and anxiety, the exact amount of such damages to be stated according to proof at the time of trial.

## THIRD CAUSE OF ACTION

**Negligence/Negligence Pursuant to Government Code Sections 815.2 and 820, et seq.**

**(Against SHERIFF VILLANUEVA, SHERIFF'S DEPARTMENT, FIRE DEPARTMENT COUNTY**

**and DOES 1 through 100)**

41. PLAINTIFFS incorporate by reference as fully set forth herein each and every fact, claim and allegation contained in the prior paragraphs.

42. Pursuant to Government Code section 815.2 Defendants SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY are liable for acts and omissions committed by their employees in the scope of their employment. Additionally, pursuant to Government Code section 820(a), public employees, including SHERIFF VILLANUEVA and DOES 1 through 100, are liable for injuries caused by their acts or omissions to the same extent as a private person.

43. PLAINTIFFS are informed, believe, and thereon allege that at all times relevant, pursuant to California Government Code section 815.2, SHERIFF VILLANUEVA and DOES 1 through 100, and each of them, ("DOE Defendants") were employed by defendant SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY, and were under Defendant SHERIFF'S DEPARTMENT and FIRE DEPARTMENT's direction and control when they

engaged in and/or failed to prevent the taking, sharing, and/or dissemination of photographs of the Mauser family member remains of Christina Mauser. The wrongful acts of SHERIFF VILLANUEVA and DOE Defendants were committed within the course and scope of their employment with Defendants SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY.

44. PLAINTIFFS are informed, believe and thereon allege that, Defendants SHERIFF VILLANUEVA, SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY and DOES 1 through 100, and each of them, ("DEFENDANTS") owed a duty of care to all reasonably foreseeable persons, including PLAINTIFFS, to use ordinary care in the care and treatment of the Mauser family member remains of Christina Mauser, including the obligation to refrain from taking and/or sharing images of the Mauser family member remains of Christina Mauser for personal, non-law-enforcement purposes.

45. The DEFENDANTS owed a duty to PLAINTIFFS to use ordinary care in preventing the dissemination of any unnecessary images of the Mauser family member remains of Christina Mauser once the images were created and/or were within their control.

46. The DEFENDANTS further owed a duty to PLAINTIFFS to exercise ordinary care in the treatment of the Mauser family member remains of Christina Mauser as DEFENDANTS routinely undertake the care, custody, and control of human remains at crime and accident scenes, as they did with the Mauser family remains of Christian Mauser at the crash scene.

47. PLAINTIFFS are informed, believe, and thereon allege that Defendant SHERIFF VILLANUEVA made representations to the families of the crash victims, including PLAINTIFFS, that the Sheriff's Department was securing the crash site to ensure privacy, and therefore owed a duty to supervise his personnel to ensure they did not violate the privacy of the victims and the victims' families.

48. PLAINTIFFS are informed, believe, and thereon allege that, DOE Defendants breached their duty of care to PLAINTIFFS by taking and/or sharing and/or disseminating photographs of the Mauser family member remains of Christina Mauser for personal, non-law-enforcement purposes.

49. PLAINTIFFS are informed, believe, and thereon allege that SHERIFF VILLANUEVA breached his duty to PLAINTIFFS by failing to directly or indirectly, or through on-site supervisors, supervise, manage, instruct, and control the conduct of his deputies at the helicopter crash site.

50. PLAINTIFFS are informed, believe, and thereon allege that SHERIFF VILLANUEVA and DOE Defendants in a supervisory capacity in the Sheriff's Department and Fire Department breached their duty of care to PLAINTIFFS by their failure to take reasonable actions to prevent the sharing and/or dissemination of the non-law-enforcement photographic images of the Mauser family member remains of Christina Mauser after they were created and in the constructive possession of SHERIFF VILLANUEVA and DOE Defendants.

51. PLAINTIFFS are informed, believe, and thereon allege that, it was foreseeable to DEFENDANTS that the taking and sharing of photographs of the Mauser family member remains of Christina Mauser, including the failure to prevent the taking, sharing and dissemination of the photographs of the Mauser family member remains of Christina Mauser would cause direct injury to the PLAINTIFFS, including the families of all the victims of the crash.

52. As a direct and proximate result of DEFENDANTS' wrongful conduct, PLAINTIFFS have suffered, and continue to suffer, severe emotional distress, humiliation, and anxiety, the exact amount of such damages to be stated according to proof at the time of trial.

53. PLAINTIFFS are informed, believe, and thereon alleges that SHERIFF VILLANUEVA and DOE Defendants' conduct was committed with oppression, fraud, and/or malice within the meaning of California Code of Civil Procedure section 3294, entitling the PLAINTIFFS to punitive or exemplary damages in an amount appropriate to punish the DOE Defendants and to make an example of them to the community.

**FOURTH CAUSE OF ACTION**

**Invasion of Privacy**

**(Against DOES 1 through 100, SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and COUNTY)**

54. PLAINTIFFS incorporate by reference as fully set forth herein each and every fact,

claim and allegation contained in the prior paragraphs.

55. Pursuant to Government Code section 815.2 Defendants SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY are liable for acts and omissions committed by their employees in the scope of their employment. Additionally, pursuant to Government Code section 820(a), public employees, including SHERIFF VILLANUEVA and DOES 1 through 100, are liable for injuries caused by their acts or omissions to the same extent as a private person.

56. PLAINTIFFS have a privacy interest in the physical remains of their family member Christina Mauser.

57. PLAINTIFFS are informed, believe, and thereon allege that DOES 1 through 100, and each of them ("DOE Defendants), publicly disclosed, shared and disseminated images of the Mauser family member remains of Christina Mauser, both in person and electronically.

58. PLAINTIFFS are informed, believe, and thereon allege that the taking, sharing and/or dissemination of photographs of the Mauser family member physical remains of Christina Mauser for personal, non-law-enforcement purposes, that served no legitimate public purpose, is abhorrent and reprehensible to a reasonable person of ordinary sensibilities.

59. PLAINTIFFS are informed, believe, and thereon allege that the details of the physical state of the Mauser family member remains were not made public and photos of Christina Mauser's remains had not been made public. Sharing details and photos of the mutilated remains of Christina Mauser served no legitimate public purpose.

60. As a direct and proximate result of DEFENDANTS' wrongful conduct, PLAINTIFFS have suffered, and continue to suffer, severe emotional distress, humiliation, and anxiety, the exact amount of such damages to be stated according to proof at the time of trial.

61. PLAINTIFFS are informed, believe, and thereon allege that at all times relevant, pursuant to California Government Code section 815.2, SHERIFF VILLANUEVA and DOES 1 through 100, and each of them, ("DOE Defendants") were employed by defendant SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY, and were under Defendant SHERIFF'S DEPARTMENT and FIRE DEPARTMENT's direction and control when they

engaged in and/or failed to prevent the taking, sharing, and/or dissemination of photographs of the Mauser family member remains of Christina Mauser. The wrongful acts of SHERIFF VILLANUEVA and DOE Defendants were committed within the course and scope of their employment with Defendants SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY, therefore SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY are liable for their employee's wrongful conduct.

62. PLAINTIFFS are informed, believe, and thereon alleges that SHERIFF VILLANUEVA and DOE Defendants' conduct was committed with oppression, fraud, and/or malice within the meaning of California Code of Civil Procedure section 3294, entitling the PLAINTIFFS to punitive or exemplary damages in an amount appropriate to punish the DOE Defendants and to make an example of them to the community.

### FIFTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Against DOES 1 through 100, SHERIFF'S DEPARTMENT and COUNTY

63. PLAINTIFFS incorporate by reference as fully set forth herein each and every fact, claim and allegation contained in the prior paragraphs.

64. Pursuant to Government Code section 815.2 Defendants SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY are liable for acts and omissions committed by their employees in the scope of their employment. Additionally, pursuant to Government Code section 820(a), public employees, including SHERIFF VILLANUEVA and DOES 1 through 100, are liable for injuries caused by their acts or omissions to the same extent as a private person.

65. PLAINTIFFS are informed, believe, and thereon allege that the DOE Defendants acts of taking, sharing and/or disseminating photographs of the Mauser family member remains of Christina Mauser was outrageous conduct. Further, SHERIFF VILLANUEVA, SHERIFF'S DEPARTMENT and FIRE DEPARTMENT's failure to prevent the taking, sharing and/or dissemination of the Mauser family member remains of Christina Mauser was outrageous conduct.

66. PLAINTIFFS are informed, believe, and thereon allege that, DOE Defendants were

aware at the time they took, shared, and/or disseminated photographs of the Mauser family member remains of Christina Mauser, that she had surviving family members, including PLAINTIFFS, and with the taking, sharing and/or dissemination of the photos the DOE Defendants intended to cause PLAINTIFFS emotional distress.

67. PLAINTIFFS are informed, believe, and thereon allege that, SHERIFF VILLANUEVA, SHERIFF'S DEPARTMENT, and FIRE DEPARTMENT's failure to prevent the taking, sharing and/or dissemination of photographs of the Mauser family member remains of Christina Mauser was intended to cause the PLAINTIFFS emotional distress, knowing that Christina Mauser had surviving family members, including PLAINTIFFS.

68. PLAINTIFFS are informed, believe, and thereon allege that, DOE Defendants, SHERIFF VILLANUEVA, SHERIFF'S DEPARTMENT and FIRE DEPARTMENT either engaged in and/or failed to prevent the taking, sharing and/or dissemination of photos of the Mauser family member remains of Christina Mauser with the intention of causing or with reckless disregard of the probability of causing, severe emotional distress to the surviving Mauser family members, including PLAINTIFFS.

69. As a direct and proximate result of DEFENDANTS' wrongful conduct, PLAINTIFFS have suffered, and continue to suffer, severe emotional distress, humiliation, and anxiety, the exact amount of such damages to be stated according to proof at the time of trial.

70. PLAINTIFFS are informed, believe, and thereon allege that at all times relevant, pursuant to California Government Code section 815.2, SHERIFF VILLANUEVA and DOE Defendants were employed by defendants SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY, and were under Defendant SHERIFF'S DEPARTMENT and FIRE DEPARTMENT's direction and control when they engaged in and/or failed to prevent the taking, sharing, and/or dissemination of photographs of the Mauser family member remains of Christina Mauser. The wrongful acts of SHERIFF VILLANUEVA and DOE Defendants were committed within the course and scope of their employment with Defendants SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY, therefore SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY are liable for their employee's wrongful conduct.

71. PLAINTIFFS are informed, believe, and thereon alleges that SHERIFF VILLANUEVA and DOE Defendants' conduct was committed with oppression, fraud, and/or malice within the meaning of California Code of Civil Procedure section 3294, entitling the PLAINTIFFS to punitive or exemplary damages in an amount appropriate to punish the DOE Defendants and to make an example of them to the community.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs MATTHEW MAUSER, PENELOPE MAUSER, THOMAS MAUSER and IVY MAUSER, respectfully prays for the following relief against COUNTY OF LOS ANGELES, LOS ANGELES COUNTY FIRE DEPARTMENT, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, ALEX VILLANUEVA and DOES 1 through 100, as follows:

1. For compensatory damages in an amount to be proven at trial;
2. For additional general, specific, consequential, or incidental damages in an amount to be proven at trial;
3. For punitive damages in an amount appropriate to punish defendants Alex Villanueva and DOES 1 through 100;
4. For nominal damages;
5. For costs of suit incurred herein, including attorneys' fees, according to proof;
6. For pre-judgment and pre-trial interest, according to proof;
7. For such other and further relief as this Court may deem just and proper.

DATED: December 2, 2020           PANISH SHEA & BOYLE LLP

By: _____
Brian J. Panish
Kevin R. Boyle
Spencer R. Lucas
Attorneys for PLAINTIFFS

16
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Plaintiffs MATTHEW MAUSER, PENELOPE MAUSER, THOMAS MAUSER, and IVY MAUSER demand a trial by jury as to all the causes of action.

DATED: December 2, 2020         PANISH SHEA & BOYLE LLP

By: _____
Brian J. Panish
Kevin R. Boyle
Spencer R. Lucas
Attorneys for PLAINTIFFS